UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEX DOWNS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:13-cv-995-LY |
| | § | |
| PREMIER PROPERTY | § | |
| MANAGEMENT, LLC, | § | |
| MARTIN L. SHORE LIVING TRUST | § | |
| DTD 1, AND MARTIN L. SHORE, | § | |
| INDIVIDUALLY, | § | JURY DEMANDED |
| | § | |
| | § | |
| Defendants. | § | |

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Alex Downs, by and through his undersigned attorney of record, and sues Defendant, Premier Property Management, LLC, Martin L. Shore Living Trust DTD 1, and Martin L. Shore, Individually (collectively "Defendants") and in support thereof would show unto this Honorable Court as follows:

1. Plaintiff brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).

2. Plaintiff is an individual residing in Travis County, Texas.

3. Defendant Premier Property Management, LLC is a Limited Liability Company formed and existing under the laws of the State of Delaware and maintains and operates its offices in Dallas County, Texas. Defendant has already been served in this matter and has failed to answer as of the date this First Amended Complaint is filed.

4. Defendant Martin L. Shore Living Trust DTD 1 is a member of Premier

Property Management, LLC. Defendant does not maintain an agent for service of process in Texas although Defendant does business in Texas. Therefore, Defendant may be served pursuant to Texas' Long-Arm Jurisdiction statutes, Texas Civil Practice and Remedies Code § 17.041 *et seq.*, by serving the Secretary of State as agent for service of process. The Secretary of State shall then immediately mail a copy of the process to Defendant at:

>1001 Bridgeway PMB 170
>Sausalito, California 94965

5. Defendant Martin L. Shore is an individual who, upon information and belief, resides in California, and at all times relevant to this claim acted directly or indirectly in the interest of Defendant Premier Property Management, LLC in relation to Plaintiff's employment, and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant Martin L. Shore was an employer of the Plaintiff as defined by 29 U.S.C. §203(d). Defendant does not maintain an agent for service of process in Texas although Defendant does business in Texas. Therefore, Defendant may be served pursuant to Texas' Long-Arm Jurisdiction statutes, Texas Civil Practice and Remedies Code § 17.041 *et seq.*, by serving the Secretary of State as agent for service of process. The Secretary of State shall then immediately mail a copy of the process to Defendant at:

>1001 Bridgeway PMB 170
>Sausalito, California 94965

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331, Title 28 U.S.C. §1337, and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in

commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business.

7. Venue is proper in this district under 28 U.S.C. § 1391.

8. Plaintiff worked for Defendants from June 2010 through March 2011 as a maintenance man.

9. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

10. During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked (overtime compensation).

11. The acts described in the preceding paragraph violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's rights under the FLSA.

12. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

13. Plaintiff seeks and is entitled to an award of liquidated damages in an equal amount of the unpaid overtime pay pursuant to Section 216 of the Act.

14. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys'

fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff Alex Downs requests that:

1. The Court assume jurisdiction of this cause and that Defendant be cited to appear;

2. The Court award damages to Plaintiff as specified above with Defendants being found jointly and severally liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF